# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: W.S., W.V. & A.R.

No. 13-0354 (Jackson County 11-JA-17, 11-JA-18, 11-JA-19)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Susan A. Settle, appeals the Circuit Court of Jackson County's termination of her parental rights to the children by order entered March 11, 2013. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Charlene A. Vaughan, filed its response in support of the circuit court's order. The guardian ad litem, Laurence W. Hancock, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding that she failed to satisfactorily complete her improvement period, failing to grant her an extension to her improvement period, and refusing to accept her motion to voluntarily relinquish her parental rights to the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2011, the DHHR filed its initial petition alleging that police responded to an incident of domestic violence between petitioner and her husband and that the children witnessed the same. According to the petition, responding officers found the two oldest children naked on the floor amidst garbage and debris, eating off the floor, while an infant was found in a rocker covered in feces. The home was alleged to be uninhabitable, with trash, debris, dirty diapers, animal feces, mold, and weakened, faulty floors throughout.[1] In June of 2011, petitioner entered a stipulated adjudication and admitted to allegations in the petition, and she later began a post-adjudicatory improvement period in August of 2011. This improvement period was then extended to a full six months after the circuit court found petitioner made some progress.

However, in February of 2012, the circuit court held a review hearing on petitioner's improvement period and found that she failed to comply with the terms of the same. After the review hearing, the circuit court issued an order terminating petitioner's parental rights on

---

[1] The DHHR subsequently amended this initial petition to include updated information about the children's respective fathers, none of whom are a party to this appeal.

1

March 11, 2012. Following the entry of this order, petitioner appealed the same to this Court alleging that the circuit court erred in terminating her parental rights, among other assignments of error. After review of the petition, the Court issued a memorandum decision on November 16, 2012, reversing, in part, and remanding the matter with instructions to forthwith notice and conduct a dispositional hearing during which petitioner was to be provided the right to be heard pursuant to West Virginia Code § 49-6-5(a).[2] Thereafter, the circuit court held a second dispositional hearing in February of 2013, during which petitioner moved to voluntarily relinquish her parental rights. The circuit court denied this motion and terminated petitioner's parental rights by order issued March 11, 2013. It is from this order that petitioner appeals.

> "'Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.' Syllabus Point 1, *In the Interest of: Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996)."

Syl. Pt. 1, *In re Faith C.*, 226 W.Va. 188, 699 S.E.2d 730 (2010). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights without granting her an extension to her improvement period or in denying her motion to voluntarily relinquish her parental rights to the children. As to petitioner's first two assignments of error, we note that the circuit court was presented with sufficient evidence upon which to find that petitioner was not compliant with her post-adjudicatory improvement period and to deny her request for an extension to the same. West Virginia Code § 49-6-12(g) states that

> [a] court may extend any improvement period granted pursuant to subsections (b) or (c) of this section for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that such extension is otherwise consistent with the best interest of the child.

In the instant matter, the circuit court was presented with evidence that petitioner failed to complete any of the goals of the improvement period and failed to even make significant progress toward completing these goals. It was also established that petitioner struggled with housekeeping

---

[2] *See* WVSCA Case No. 12-0464.

and cleanliness in the home, was impulsive, made bad decisions, became argumentative when confronted by service providers, and yelled at her children during visitation. Further, petitioner even testified to her failure to comply with her therapy requirements.

This evidence was sufficient to support the circuit court's finding that petitioner is "unable to learn and apply appropriate parenting behaviors, and is unable to adapt to different parenting situations." Based upon all of this evidence, it is clear that petitioner was not entitled to an extension of her post-adjudicatory improvement period because she failed to substantially comply with the terms thereof. Further, this evidence is sufficient to support the circuit court's finding that petitioner failed to satisfactorily complete her improvement period. While petitioner argues that she had difficulty completing the improvement period goals because of representation by a succession of attorneys unfamiliar with her case that is tantamount to ineffective representation of counsel, the Court notes that we have never recognized a claim for ineffective assistance of counsel in the context of abuse and neglect matters, and we decline to do so in this matter. For these reasons, the Court finds no error in the circuit court's finding that petitioner failed to comply with the terms of her post-adjudicatory improvement period or in denying petitioner an extension to the same.

Finally, petitioner argues that the circuit court erred in denying her oral motion to voluntarily relinquish her parental rights to the children, which she made during the dispositional hearing in February of 2013. However, the Court notes that petitioner has provided no authority indicating that the circuit court was required to grant this motion. To the contrary, we have previously held that

> "[a] circuit court has discretion in an abuse and neglect proceeding to accept a proffered voluntary termination of parental rights, or to reject it and proceed to a decision on involuntary termination. Such discretion must be exercised after an independent review of all relevant factors, and the court is not obliged to adopt any position advocated by the Department of Health and Human Resources." Syl. Pt. 4, *In re James G.*, 211 W.Va. 339, 566 S.E.2d 226 (2002).

Syl. Pt. 6, *In re T.W.*, 230 W.Va. 172, 737 S.E.2d 69 (2012). In the instant matter, the circuit court's denial of petitioner's motion does not constitute an abuse of discretion, especially given the late nature of petitioner's request. Further, in its March 11, 2012, order reviewing petitioner's improvement period, the circuit court had previously made a finding that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected. This finding was based upon substantial evidence that petitioner "lack[ed] the parenting skills to provide a clean, safe, structured and nurturing environment for her children . . . ," and also the evidence outlined above concerning petitioner's non-compliance with the terms of her improvement period.

Pursuant to West Virginia Code § 49-6-5(b)(3), these facts constitute a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future. Further, the circuit court also found that termination of parental rights was necessary for the children's welfare. Based upon these findings, the circuit court was correct

to proceed to termination of petitioner's parental rights pursuant to West Virginia Code § 49-6-5(a)(6) and was not required to grant petitioner's motion to voluntarily relinquish her parental rights. For these reasons, we find no error in the circuit court's denial of petitioner's motion.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4